IN THE

# HIGH COURT OF ERRORS AND APPEALS

FOR THE

STATE OF MISSISSIPPI.

OCTOBER TERM, 1857.

### B. F. HAYNES *v.* DAVID B. THOMPSON.

CHANCERY: JURISDICTION.—A court of equity will not entertain a bill by the equitable assignee of a bond to recover the amount due thereon; the remedy of complainant being complete at law by an action in the name of the obligor for his use.

APPEAL from the Chancery Court of Clarke county. Hon. W. M. Hancock, judge.

*Freeman* and *Dixon,* for appellant.

*T. J.* and *F. A. R. Wharton,* contra.

FISHER, J., delivered the opinion of the court.

This is an appeal from a decree of the Chancery Court of Clarke county.

The facts are briefly these. Haynes sold to Hodges a tract of land at the price of $400, and executed his bond, reciting the pay-

ment of $200, and covenanting to make to Hodges a title upon the payment of the balance of the purchase-money. Hodges assigned this bond to Thompson, the complainant, who, tendering the balance of the money to Haynes, demanded a title, and Haynes refusing to make a title, on the ground of his inability so to do, the complainant filed this bill to recover the amount paid by Hodges to Haynes.

The question raised by the demurrer is, whether the complainant has a complete remedy at law.

It is true that the bond is not such an instrument as is assignable under the terms of the statute, yet the complainant's right to sue in the name of Hodges, for the use of the former, is as complete as if the legal title had passed under the terms of the assignment of the bond.

Under this view, we are of opinion that the court below erred in overruling the demurrer to the bill.

Decree reversed, demurrer sustained, and bill dismissed.